UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE A. DODSON, III,

         Plaintiff,               Civil Action No.: 17-11472
                                    Honorable Laurie J. Michelson
v.                              Magistrate Judge Elizabeth A. Stafford

UNITED STATES OF AMERICA,

         Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR DISMISSAL AND/OR FOR
SUMMARY JUDGMENT [ECF NO. 15]**

### I. Introduction

Plaintiff George A. Dodson sues Defendants United States of

America and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Agent David Salagar and alleges that they illegally seized 57,801 rounds of

ammunition, one rifle, four receiver/frames, four revolvers, one

silencer/suppressor, two starter guns and two pistols.[1]  [ECF No. 1,

PageID.1].  Dodson's seeks the "release" of the seized property.  [*Id.* at

PageID.2].  This matter has been referred to the undersigned for all pretrial

_____

[1]District Judge Laurie J. Michelson entered an order substituting the United
States of America for David Salagar in Dodson's complaint, and the Clerk
of Court has updated the caption accordingly.  [ECF No. 22].

proceedings under 28 U.S.C. § 636(b). [ECF No. 16].  The government has filed a motion to dismiss and/or for summary judgment and Dodson has responded.  [ECF Nos. 15, 18].

## II. Background

In March 2017, ATF agents seized a large amount of ammunition and firearms and identified Dodson as a potential claimant of the seized property to the Asset Forfeiture Seized Property Division (AFSPD).  [ECF No. 15-2, PageID.68, 75-76].  The AFSPD mailed Dodson by FEDEX a "Notice of Foreclosure Proceedings" against the seized assets on April 26, 2017, but the notice was returned to ATF as "wrong address."  [*Id.,* PageID.70].  ATSPD then hand-delivered the "Notice of Forfeiture Proceedings" to Dodson with instructions that if he wanted to "contest the forfeiture [he] may file a Claim of Ownership or a Petition for Remission or Mitigation, with ATF, within 35 days upon receipt of this letter and its attachments."  [*Id.*]  The correspondence from ATSPD included the procedural requirements for contesting the forfeiture and a list of all assets seized.  [ECF No. 15-2, PageID.73-76].  A notice of seizure and intent to forfeit was also published for 30 consecutive days on the official government website (www.forfeiture.gov) from May 1, 2017 to May 30, 2017.  [ECF No. 15-3, PageID.78].

Dodson signed an acknowledgment of the notice of forfeiture proceedings on May 9, 2017.  [ECF No. 15-2, PageID.69].  On July 13, 2017, because no claim was filed for the seized property within the period provided by law or required under the notice letter, the property was forfeited to the United States government.  [ECF No. 15-3, PageID.78].

## III.  Analysis

### A.

The government identifies its motion as one for dismissal or summary judgment, but since it relies on evidence outside the pleadings, the Court will assess the motion under the summary judgment standard.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular

portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  A scintilla of evidence is also insufficient; "there must be evidence on which the jury could reasonably find for the plaintiff."  *Liberty Lobby*, 477 U.S. at 252.  And "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott,* 550 U.S. at 380.

**B.**

Dodson alleges that the government illegally seized his property and now seeks the "release of all legal items,"[2] but he does not state the

---

[2] A comprehensive list of the seized assets is at ECF No. 15-2, PageID.75-76.

procedural mechanism under which he moves. [ECF No. 1, PageID.1-2].

Judge Michelson construed a complaint from Dodson as a motion for the

return of property seized as part of a criminal prosecution under Federal

Rule of Criminal Procedure 41(g).  *See Dodson v. Dawkins*, 16-cv-14500,

at *3 (E.D. Mich. Jan. 10, 2017).  Rule 41(g) proceedings are equitable in

nature if the criminal proceedings are no longer pending.  *See United*

*States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 2000) (after trial, motion for

seized property under Rule 41 was a civil equitable proceeding).

Dodson's complaint here is distinguishable because the property at

issue in this case was seized pursuant to an administrative forfeiture rather

than as part of a criminal prosecution.  The government argues that (1)

Title 18 U.S.C. § 983(e) is the exclusive remedy for a claimant who seeks

to set aside an administrative forfeiture; (2) review under § 983(e) is limited

to challenges to the adequacy of notice; and (3) by failing to file a claim in

the administrative forfeiture proceeding, Dodson has waived his right to

challenge the seizure of his property under the Fourth Amendment.  The

government's argument is amply supported.  *See United States v. King*,

442 F. App'x 212, 213 (6th Cir. 2011) (district court lacks jurisdiction to

review the merits of an administrative forfeiture determination under civil

forfeiture statute); *In re Sowell*, 2009 WL 799570 (E.D. Mich. Mar. 19,

2009) ("Section 983 is the exclusive remedy available to parties seeking to set aside a civil forfeiture."); § 983(e)(5).

As described above, Dodson received and acknowledged actual notice of the seizure and the forfeiture, but he filed no claim, so the property was forfeited to the United States government.  Dodson has made no attempt to contest these facts and in particular has not challenged the adequacy of the notice.  And "[e]ven if the Government failed to take reasonable steps to provide notice, Claimant must also show that he did not have actual notice of the seizure in order to have the forfeiture set aside."  *In re Sowell*, 2009 WL 799570, at *3.  Thus, the government met the requirements of § 983(e)(1) and its motion for summary judgment should be granted.

### IV. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that the government's motion for summary judgment [ECF No. 15] be **GRANTED** and that Dodson's complaint be **DISMISSED WITH PREJUDICE.**

Dated: February 1, 2019                    s/Elizabeth A. Stafford
Detroit, Michigan                          ELIZABETH A. STAFFORD
                                           United States Magistrate Judge

6

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

7

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
