UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE A. DODSON, III,

     Plaintiff,

v.

DAVID SALAGAR,

     Defendant.

Case No. 17-11472
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL [19]**

---

Plaintiff George Dodson, III filed a *pro se* complaint on May 8, 2017, requesting that certain firearms and ammunition seized by the Detroit Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) be released to his acquaintance, Gameel Gobah. (ECF No. 1.) The case was reassigned to this Court as it related to a prior case addressing the same issues. Dissatisfied with the Court's ruling in the prior case, Dodson filed a motion for recusal. (ECF No. 19.) Magistrate Judge Stafford, to whom all pretrial matters have been referred (ECF No. 16), issued an Order denying the motion. (ECF No. 23.) Dodson then filed a "statement" disagreeing with the Magistrate Judge's decision. (ECF No. 25.)

The Court will construe Dodson's filing as an objection to the Magistrate Judge's Order. The Court will overrule Dodson's objection and affirm the Order.

**I.**

The Magistrate Judge's Order resolved a nondispositive motion. *See* E.D. Mich. LR 7.1(e)(2). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or contrary to law." *United*

*States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A ruling is "'clearly erroneous' when, although there is evidence to support it, the reviewing court. . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted).

## II.

Dodson filed a motion requesting that Judges Steeh, Cox, and Michelson recuse themselves from all of his pending cases and that his cases be transferred to Judge Roberts. (ECF No. 19.) He argues that the undersigned has "demonstrated extreme prejudice in matters involving legal and property rights and proper hearing procedures." (ECF No. 19, PageID.129.) The Magistrate Judge found that Dodson failed to properly attach an affidavit, as required by statute, and that he failed to identify "any extrajudicial source, any association outside of the proceedings, or any basis other than what the Judges have learned from the case that justifies recusal." (ECF No. 23, PageID.141–142.) Dodson then filed a statement, notarized and styled as an affidavit, disagreeing with the Magistrate Judge's decision. (ECF No. 25.) But nothing in the substance of his argument, or the fact that his statement is notarized, identifies a clear error in the Magistrate Judge's Order that Dodson failed to establish that the Court has personal bias towards Dodson that stems from an extrajudicial source. (ECF No. 23, PageID.141 (citing 28 U.S.C. § 455(b)(1); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989).) Instead, the content of the statement revolves around his disagreement with the Court's decision in his prior case. But "disagreement with a judge's decision or ruling is not a basis for disqualification or upsetting judicial rulings." *Downer v. Rite Aid Corp.*, 2011 U.S. Dist. LEXIS 96497, *14–15 (E.D. Mich. Aug. 29, 2011) (citing *Liteky v. United States*,

510 U.S. 540, 555–56 (1994)). And that decision involved careful analysis of and attention to

Dodson's arguments after several hearings and opportunity for briefing.

Dodson's objection will be overruled, and the Magistrate Judge's Order will be affirmed.

IT IS SO ORDERED.


                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE

Date: February 11, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 11, 2019.

                                                 s/William Barkholz
                                                 Case Manager to
                                                 Honorable Laurie J. Michelson