UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE A. DODSON, III,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 17-11472
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

On March 9, 2017, ATF agents seized various firearms and ammunition located in a garage in Detroit, Michigan. (ECF No. 15, PageID.57; ECF No. 18, PageID.116.) ATF identified Plaintiff George A. Dodson III, as a potential claimant and, in April 2017, attempted to notify him of ATF's initiation of administrative forfeiture proceedings and his ability to contest the administrative forfeiture. (ECF No. 15-2.) The initial notice sent by FedEx was returned as undeliverable. *Id*.

Suggesting Dodson was aware of the seizure, on May 8, 2017, he filed a *pro se* complaint seeking to examine the firearms and ammunition and requesting that they be released to his acquaintance, Gameel Gobah. (ECF No. 1.)[1]

The next day, on May 9, 2017, Dodson signed an acknowledgment of Notice of Forfeiture Proceedings that had been hand-delivered. (ECF No. 15-2, PageID.69.) Dodson apparently did not submit a claim. So on July 13, 2017, ATF issued a Declaration of Administrative Forfeiture that

---

[1] Dodson, a gun collector, has a prior felony conviction and so cannot possess the firearms himself. In a prior case before this Court, Dodson sought to have other seized firearms released to Mr. Gobah pursuant to *Henderson v. United States*, 135 S. Ct. 1780 (2015). The Court denied the request.

stated "no claim was filed for the seized property within the time period provided by law." (ECF No. 15-2).

Subsequently, the United States filed a motion for summary judgment and/or a motion to dismiss this case explaining that it had seized Dodson's property pursuant to an administrative forfeiture process. (ECF No. 15.) As it provided Dodson notice and an opportunity to object to this forfeiture, and that opportunity to object had passed, the United States argued that Dodson's complaint failed as a matter of law as he had no legal grounds to request the release of the property. (*Id.*) In response, Dodson did not contest the facts provided by the United States. (*See* ECF No. 18.) Instead, he reiterated his position that none of the firearms were illegal and that he was not seeking to possess them himself but was asking that they be released to his acquaintance. (*Id.*) In other words, while Dodson may have desired to make a claim to the property, he did not dispute that he did not follow the necessary steps once the civil forfeiture proceedings were commenced.

The Court referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. (ECF No. 16.) The Magistrate Judge issued a report recommending that the motion be granted. (ECF No. 24.) Because the property at issue was seized pursuant to an administrative forfeiture rather than as part of a criminal prosecution, the Magistrate Judge agreed with the Government that the Civil Asset Forfeiture Act, 18 U.S.C. § 983, provided Dodson's exclusive remedy. *Id*. She further found that the Government met the requirements of § 983(e)(1)—Dodson received and acknowledged notice of the seizure and forfeiture but filed no claim—and thus, recommended that its motion for summary judgment be granted. *Id.* Dodson objects.

## I.

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need

2

not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

The Magistrate Judge analyzed the government's motion as a motion for summary judgment. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

## II.

Dodson filed 23 objections. The Court groups them by topic for the sake of efficiency.

### A.

Dodson objects to the Magistrate Judge's characterization of his complaint that the ATF illegally seized firearms and ammunition and that he seeks release of that property. (ECF No. 27, PageID.164.) He claims he is not alleging that these items were illegally seized, but that they were only taken to be inspected "to determine their legality."

Dodson's complaint sought the release of the seized items. He wanted to inspect the seized property to establish that none of the items were illegal and thus were able to be released. (*See* ECF No.1, PageID.2 ("Please act quickly to order the release of all legal items.").) So the

Magistrate Judge's characterization of his complaint is not in error. And in any event, Dodson's objection does not relate to the Magistrate Judge's legal conclusion. This objection is overruled.

**B.**

Dodson's second and third objections pertain to the reference in the Report that ATF identified him as a potential claimant of the property and that the Asset Forfeiture Seized Property Division hand-delivered notice of the forfeiture to him with instructions about contesting it—including that he could file a claim of ownership within 35 days. (ECF No. 27, PageID.164–165.) Dodson appears to be questioning the notice. He says, "While Dodson does not recall this specific incident, this claim raises an important question: - IF such a claim was true, the government COULD have destroyed the SUPPOSEDLY 'unclaimed' items LONG AGO!" (ECF No. 27, PageID.164.) He also argues that, if the property had been forfeited, it would not have been necessary to provide any notice to him. (ECF No. 27, PageID.165.)

The fact that the Government may have waited longer than 35 days from the date of providing notice to Dodson to dispose of the property does not establish that Dodson was not given proper notice of the forfeiture proceedings. And Dodson's lack of recall about getting notice does not mean it did not happen. Indeed, the record includes his signed acknowledgement of Notice of Forfeiture Proceedings which advises of the 35-day time limit. (ECF No. 15-2.)

So to the extent Dodson's objections suggest improper notice under § 983, these objections are overruled.

**C.**

Dodson's fourth, fifth, seventh, ninth, eleventh, and thirteenth objections are to the summary-judgment standard that the Magistrate Judge applied in the Report. (ECF No. 27, PageID.165–167.) These objections either recite portions of the standard or express a

misunderstanding as to what this standard means. These objections do not affect the outcome of the Report. And the Magistrate Judge recited and applied the correct standard. These objections are overruled.

**D.**

Dodson's sixth, tenth, and twelfth objections relate to the Magistrate Judge's handling of his case. (ECF No. 27, PageID.165–166.) The Magistrate Judge properly issued a Report and Recommendation on the Government's dispositive motion because the Court referred all pre-trial matters to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 16.) None of these objections concern the legal conclusion drawn in the Report.

These objections are overruled.

**E.**

Dodson's eighth objection reiterates his complaint that his firearms and ammunition were not released and that the Government will continue to hold these items until there is a court order directing their release. (ECF No. 27, PageID.166.) This objection does not engage with the Magistrate Judge's conclusion that, because Dodson failed to timely file a claim in the administrative forfeiture proceeding, he has no legal basis to challenge the seizure. (ECF No. 24.)

This objection is overruled.

**F.**

Dodson's fifteenth objection is to the Magistrate Judge's reliance on a federal statute to evaluate his complaint. Agreeing with the Government's argument, the Magistrate Judge concluded that the legal basis for Dodson's complaint was 18 U.S.C. § 983 and she proceeded to evaluate the requirements of § 983(e). (ECF No. 24, PageID.148.) But Dodson thinks the Magistrate Judge should have read his complaint as a request for a court order or a petition for a

writ of habeas corpus. (ECF No. 27, PageID.167.) However, a court order cannot be granted without a legal basis. And a writ of habeas corpus does not apply to property. The Magistrate Judge declined to construe the complaint as a motion for the return of property under Federal Rule of Criminal Procedure 41(g) because the property was seized pursuant to an administrative forfeiture rather than as part of a criminal prosecution. (ECF No. 24, PageID.148.) Dodson's objections fail to identify any error in this finding. Again, he does not appear to understand the Government's position. After seizing the guns from a garage that had a connection to Dodson, the Government initiated forfeiture proceedings and identified Dodson as a potential claimant. The Government did not treat this lawsuit as the proper way to file a claim. And Dodson does not explain why it would be.

This objection is overruled.

## G.

Dodson's sixteenth objection is to the Magistrate Judge's statement that this Court had construed a prior lawsuit filed by Dodson as a motion for the release of property as part of a criminal prosecution. (ECF No. 27, PageID.167.) Dodson states that the items taken in the present case have nothing to do with his prior case. (*Id*.)

Dodson is correct. The two cases involve different seizures of property. But this has no bearing on the outcome of the Report. The Magistrate Judge made the statement about the prior case to draw the distinction between that case, which did arise out of a criminal prosecution, and the present case, which does not. (ECF No. 24, PageID.148.)

This objection is overruled.

**H.**

Dodson's seventeenth and eighteenth objections are to the representation in the Report that ATF commenced administrative forfeiture proceedings and thus, Dodson's sole legal remedy is pursuant to 18 U.S.C. § 983(e). To this Dodson states, "FALSE—there has been NO forfeiture, there has been NO LEGAL HEARING AT ALL." (ECF No. 27, PageID.167.) But Dodson does not respond to the documentation that the Government attaches to its motion, which indicates that it did initiate administrative forfeiture proceedings pursuant to 18 U.S.C. § 983. (ECF No. 15-2, PageID.70.) Dodson's objection appears to be that this procedure should not have applied to him because none of the seized items were involved in any criminal acts. (ECF No. 27, PageID.167–168.) But, as the Magistrate Judge found, Dodson's opportunity to object to that seizure has passed. (ECF No. 24, PageID.149.)

Dodson's seventeenth and eighteenth objections are overruled.

**I.**

Dodson's nineteenth and twentieth objections are to the Magistrate Judge's conclusion that Dodson waived his rights to object to the forfeiture due to his failure to object in time. He claims that he never knowingly gave up those rights, and that he has filed "paper after paper" but the Government has refused to recognize these documents. (ECF No. 27, PageID.168.)

But the issue is not whether Dodson contests the forfeiture, but whether he objected timely. And he does not claim that he objected to the forfeiture in compliance with 18 U.S.C. § 983.

These objections are overruled.

**J.**

Dodson's twenty-first objection is that it is "impossible to prove a negative"—that he did not receive the notice of the seizure. (ECF No. 27, PageID.169.) But Dodson does not explain why

he was unable to provide an affidavit stating that he did not receive notice as required by § 983(e). The issue for the Magistrate Judge was not whether Dodson could prove a negative. The issue was whether any genuine issue of material fact existed that would preclude the Government's motion for summary judgment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(a). The Government presented evidence that Dodson received notice of ATF's initiation of administrative forfeiture proceedings and his ability to contest the administrative forfeiture. Since Dodson made no argument in his response that he did not receive any notice of the forfeiture, the Magistrate Judge deemed this fact uncontested. (ECF No. 24, PageID.149.)

This objection is overruled.

## K.

Dodson's twenty-second objection is that the government has not met the requirements of § 983(e)(1). His argument seems to be that this statute does not apply to this case in which he claims entitlement to return of the guns and the ammunition because they are not illegal. He thinks the ATF simply does not want to give him access to this property. What is missing, however, from Dodson's complaint, his summary judgment response, and now his objections to the Magistrate Judge's Report, is an explanation of his right to challenge the ATF's seizure of the property apart from complying with 18 U.S.C. § 983. And Dodson provides no support for his argument that the Government has not met the requirements of § 983(e). Also, the time for Dodson to object to the administrative forfeiture process has passed. This objection will also be overruled.

## L.

Dodson's last object concerns the values assigned to his seized property. (ECF No. 27, PageID.169–174.) This objection does not affect the Report's recommendation and will be overruled.

## III.

For the reasons stated, Dodson's objections will be overruled, and the will ADOPT the Magistrate Judge's Report and Recommendations GRANTING Defendant's motion for summary judgment (ECF No. 15).

IT IS SO ORDERED.

                                       s/Laurie J. Michelson
                                       LAURIE J. MICHELSON
                                       UNITED STATES DISTRICT JUDGE

Date: March 5, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 5, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                       s/William Barkholz
                                       Case Manager